[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATIONS TO CONFIRM AND TO VACATE ARBITRATION AWARD
Plaintiff brings this application to vacate an arbitration award of June 8, 1992 and defendant seeks to confirm it.
Facts
The award involves the layoff of one Kent Johnson (Johnson), an employee of the Connecticut Department of Transportation (DOT).
Johnson filed a grievance after DOT notified him of his selection for layoff. That grievance proceeded as a labor matter and ended in the subject arbitration. The submission was: CT Page 11696
 "Was the selection of the grievant for layoff and/or the notice of layoff issued to the grievant on April 4, 1991 in violation of Article 12 and/or Article 13 of the 1988-1991 Contract?
If so, what shall be the remedy?"
On June 8, 1992, the arbitrator issued a timely 23-page Opinion and Award. The award portion is as follows:
 "The selection of the grievant for layoff and/or notice of layoff issued to the grievant on April 4, 1991 was in violation of Article 13 of the 1988-1991 NP-2 Contract.
 The State shall immediately offer to reinstate the grievant, Kent Johnson, to his former position and to make him whole for any lost wages and benefits which he incurred as a result of his layoff."
Law
I. Offer To versus Shall Reinstate
The court reads the award with a kindly eye and sees nothing wrong with an order that the State shall offer to reinstate Johnson. In addition, in the United States the reinstatement to a work environment must be with Johnson's consent. That part of the award is final and definite.
II. Amount of Lost Wages and Benefits Due
A. Wages
The award is 23 pages long. It mentions testimony and argument but finds no facts about lost wages or benefits due Johnson. The arbitrator does mention that Johnson testified that "he has significantly fewer overtime opportunities at Woolcott" [sic]. If the court with its kindly eye were to construe that as a finding of fact, what impact does it have on the State and Johnson in regard to implementation of the award? Is overtime "wages"? (Probably, yes). Article 18, 16 sets out the calculation of overtime but there are many qualifications and exceptions, including subsection (e) which provides that, "Overtime pay CT Page 11697 shall not be pyramided." The court does not know what that means but suspects the parties do.
In an effort to "make him whole for any lost wages and benefits" this court cannot conclude what part, if any, does the fact that he had "significantly fewer overtime opportunities" play in the calculation. The arbitrator made neither findings nor decisions in regard to those questions.
B. Benefits
The only "Relevant Contract Provisions" cited in the Award are Articles 12 and 13. Neither defines "benefits". The table of contents lists many articles that this court would consider "benefits", e.g., Articles 10, 18, 20-24, 28-33, 41 and 43, but finds no definition of benefits.
An award "must be final as to the matters submitted so that the rights and obligations of the parties may be definitely fixed." Local 63, Textile Workers Union v. Cheney Bros., 141 Conn. 606, 617. Neither the opinion nor the award offer any calculations as to what the benefits are to be; and no guidance as to what benefits are to be given to "make him whole". The award provides no time period over which the granting of benefits is to be calculated. The union has not demonstrated how any of these calculations might be made. If this court had been presented such a demonstration showing that the calculations may be made with the simple application of existing mechanical and mathematical materials, the court could and would confirm.
The union's brief states in general that the wording of the remedy portion of the award "is quite clear and apparent" and that "[n]o confusion exists over what the arbitrator meant and what the Employer must do to comply". It further states specifically that the award requiring the employer to "make him whole for any lost wages and benefits he incurred as a result of his layoff" is "abundantly clear, unequivocal and easily calculated." The union brief gives no hint as to how to do those easy calculations. This court cannot.
Motion to vacate is granted.
Motion to confirm is denied. CT Page 11698
N. O'Neill, J.